# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOUIS ARNOLD PHILLIPS,<br><br>Petitioner,<br><br>v.<br><br>RAYTHEL FISHER,<br><br>Respondent. | Case No. 1:19-cv-01589-DAD-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND DENY RESPONDENT'S MOTION TO DISMISS<br><br>(ECF Nos. 4, 20) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

In 1980, Petitioner was convicted after a jury trial of first-degree murder with special circumstance, attempted murder, and robbery. Petitioner was sentenced to death. See Phillips v. Ornoski, 673 F.3d 1168, 1175, 1177 (9th Cir. 2012), as amended on denial of reh'g and reh'g en banc (May 25, 2012). Petitioner appealed his conviction and sentence directly to the California Supreme Court, which affirmed the conviction but reversed the death sentence. The case was remanded for a new penalty phase trial. People v. Phillips, 41 Cal.3d 29 (Cal. 1985).

In October 1991, Petitioner received a penalty phase retrial and again was sentenced to death. On March 4, 1992, Petitioner filed a federal habeas petition, which the district court

dismissed as Petitioner's appeal from his penalty retrial was still pending in the state courts. The Ninth Circuit reversed the district court, finding that Petitioner could file a federal habeas petition regarding the guilt phase separately from a petition regarding the penalty phase. See Phillips, 673 F.3d at 1177–78 (citing Phillips v. Vasquez, 56 F.3d 1030 (9th Cir. 1995)). On remand, the district court denied the petition, but the Ninth Circuit reversed, holding that Petitioner was entitled to an evidentiary hearing. Phillips v. Woodford, 267 F.3d 966 (9th Cir. 2001).

On February 20, 2004, the district court denied Petitioner's guilt-phase claims on the merits. See Phillips, 673 F.3d at 1178. On March 16, 2012, the Ninth Circuit reversed, holding "that the prosecution violated Phillips's due process rights by depriving him of, and willfully misleading the jury as to, critical evidence that was material to the special circumstance finding that the murder was committed during the course of a robbery (rather than vice versa)." Id. at 1171. The matter was "remand[ed] with instructions to grant the writ as to the jury's special circumstance finding, and, accordingly, Phillips's death sentence." Id. Petitioner was retried on the special circumstance, and in November 2019, Petitioner was resentenced to life without the possibility of parole. (ECF No. 20 at 1).[1]

On November 7, 2019, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1). That same day, Petitioner moved for a temporary restraining order "to prevent California Department of Corrections and Rehabilitation (CDCR) from terminating the provisions of previous orders from the Ninth Circuit and the State trial court, regarding Phillips' ongoing access to his legal papers and typewriter." (ECF No. 4 at 1). Respondent filed an opposition to the motion, and Petitioner filed a reply. (ECF Nos. 19, 22).

On January 9, 2020, Respondent filed a motion to dismiss the petition pursuant to Younger v. Harris, 401 U.S. 37 (1971), based on Petitioner's ongoing state criminal appeal. (ECF No. 20). Petitioner filed an opposition. (ECF No. 21). Respondent did not file any reply.

///

///

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

# II.

# DISCUSSION

### A. Motion for Temporary Restraining Order

Petitioner moves for a temporary restraining order "to prevent California Department of Corrections and Rehabilitation (CDCR) from terminating the provisions of previous orders from the Ninth Circuit and the State trial court, regarding Phillips' ongoing access to his legal papers and typewriter." (ECF No. 4 at 1). In the opposition, Respondent argues that a petitioner's motion for a temporary restraining order presenting a challenge to conditions of confinement may not be addressed in a § 2254 habeas action and that the Constitution does not require access to all legal materials at once or access to a typewriter. (ECF No. 19 at 9–10).

The standards governing the issuance of temporary restraining orders are "substantially identical" to those governing the issuance of preliminary injunctions. Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Petitioner's request for injunctive relief should be denied. The relief that Petitioner seeks is different in kind from that set forth in the operative habeas petition. The motion is based on Petitioner's access to his legal papers and typewriter while the petition challenges Petitioner's convictions. It is appropriate to grant a preliminary injunction providing "intermediate relief of the same character as that which may be granted finally. De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945). A court should not issue an injunction when the relief sought is not of the same character and the injunction deals with a matter lying wholly outside the issues in the underlying action. Id. Accord Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015) ("We hold that there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the

claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.' Absent that relationship or nexus, the district court lacks authority to grant the relief requested." (quoting De Beers Consol. Mines, 325 U.S. at 220)). Accordingly, Petitioner's motion for a temporary restraining order should be denied.[2]

**B. Motion to Dismiss**

In the motion to dismiss, Respondent asserts that Petitioner filed a notice of appeal with the state appellate court in case number F080355. Respondent argues that "[b]ecause Petitioner is currently pursuing a state direct appeal challenging his special circumstance retrial and his new life sentence, this Court should abstain from any review or involvement until the state court direct review proceedings are final." (ECF No. 20 at 2). In his opposition, Petitioner states that on January 5, 2020, Petitioner sent a motion to dismiss the appeal in case number F080355. (ECF No. 21 at 1–2). Petitioner argues that because there is no pending state review, this Court should deny the motion to dismiss and call for briefing on the merits. (Id. at 2).

"Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008). In Younger, the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution. Younger, 401 U.S. at 41; Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72 (2013). See also Kowalski v. Tesmer, 543 U.S. 125, 133 (2004) ("The doctrine of Younger v. Harris . . . reinforces our federal scheme by preventing a state criminal defendant from asserting ancillary challenges to ongoing state criminal procedures in federal court.").

The docket for People v. Phillips, No. F080355 (Cal. Ct. App.), reflects that on January 27, 2020, both an abandonment of appeal and a dismissal order were filed.[3] Although a "district

---

[2] This conclusion, however, does not preclude Petitioner from challenging his conditions of confinement in a properly filed civil action brought pursuant to 42 U.S.C. § 1983. See McCarthy v. Bronson, 500 U.S. 136, 141–42 (1991); Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).

[3] Appellate Case Information, California Courts, http://appellatecases.courtinfo.ca.gov (search by "Case Number" for "F080355") (last visited Feb. 24, 2020). See Fed. R. Evid. 201(b)(2); U.S. ex rel. Robinson Rancheria Citizens

court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending," Henderson v. Johnson, 710 F.3d 872, 874 (9th Cir. 2013), it appears that there is no longer a direct state appeal pending. Accordingly, the motion to dismiss should be denied.

### III.

### RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Petitioner's motion for a temporary restraining order (ECF No. 4) be DENIED; and
2. Respondent's motion to dismiss (ECF No. 20) be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 27, 2020**

UNITED STATES MAGISTRATE JUDGE

---

Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979)); Worthy v. Hartley, No. 1:09-cv-01867-JLT HC, 2010 WL 1339215, *3 n.2 (E.D. Cal. Apr. 2, 2010) ("[T]he internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.").

5