UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOUIS ARNOLD PHILLIPS,<br><br>Petitioner,<br><br>v.<br><br>RAYTHEL FISHER, Warden, Valley State Prison,<br><br>Respondent. | No. 1:19-cv-01589-DAD-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER, AND DENYING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. No. 24) |

Petitioner Richard Louis Arnold Phillips is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2554. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

On February 27, 2020, the assigned magistrate judge issued the pending findings and recommendations, recommending that: (1) petitioner's motion for a temporary restraining order ("TRO") (Doc. No. 4) be denied; and (2) respondent's motion to dismiss the pending petition (Doc. No. 20) also be denied. (Doc. No. 24.) The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within thirty (30) days of the service of the findings and recommendations. (*Id*. at 5.) On March 23, 2020, petitioner

1

filed objections to the pending findings and recommendations.  (Doc. No. 26.)  Respondent has not filed any objections, and the time in which to do so has since passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

The court briefly summarizes the relevant facts.  After being convicted by a jury in state court of first-degree murder with a special circumstance finding, petitioner was sentenced to death in 1980 and then again in 1991. (Doc. No. 24 at 1.)  In 1992, petitioner filed a federal habeas petition in federal district court ("the earlier habeas petition") challenging the guilt phase of his trial in state court.  (*Id.*)  In 2004, the district court denied the earlier habeas petition on the merits.

On August 4, 2005, while petitioner's appeal of the district court's denial of the earlier habeas petition was pending before the Ninth Circuit, that court issued an order requiring the Warden of San Quentin State Prison to provide petitioner "with adequate workspace so that he may have access to the contents of the boxes and may perform any and all functions required of him" to be able to "comp[ile] a complete set of [case] materials" and to thereafter make copies of the set, one of which copies was to be sent to petitioner's then-advisory counsel.  *Phillips v. Ornoski*, No. 04-99005, (Doc. Nos. 56) (9th Cir. Aug. 4, 2005).  In 2012, the Ninth Circuit reversed the district court's denial of petitioner's earlier habeas petition and remanded the matter to the district court "with instructions to grant the writ as to the jury's special circumstance finding, and, accordingly, Phillips's death sentence."  *Phillips v. Ornoski*, 673 F.3d 1168, 1171 (9th Cir. 2012), *as amended on denial of reh'g and reh'g en banc* (May 25, 2012).

On May 10, 2013, while petitioner's retrial on the special circumstance was pending in the state trial court, that court issued a transportation order directing the "Director of Madera County Department of Corrections . . . to transport [petitioner] and all his legal and non-legal personal property from San Quentin to Madera County Correctional Facility."  (Doc. No. 4 at 10.)  That order also required that petitioner "and his property . . . be transported together" and that "all

searches of [his] property . . . be conducted in his presence." (*Id.* at 11.) In November 2019, petitioner was retried in the state trial court on the special circumstance and was resentenced to life without the possibility of parole. (Doc. No. 24 at 2.)

In the pending motion for a TRO, petitioner seeks an order from this court preventing CDCR "from terminating the provisions of [the] previous orders from the Ninth Circuit and the State trial court[] regarding [his] ongoing access to his legal papers and typewriter.[1]" (Doc. No. 4 at 1.) Petitioner argues that "[a]bsent the requested order, [he] will no longer have timely access to his 30 boxes of case files" and that, "[b]ased on CDCR practices and procedures for inmates previously sentenced to death, [but] now returned to CDCR with a sentence other than death, [he] will have no access to his typewriter for 8-12 months." (*Id.*) Petitioner argues that absent the requested order he "will be irreparably harmed without access to his case files and typewriter because he will not be able timely prosecute his writ of habeas corpus" pending before this court. (*Id.*)

As an initial matter, the court notes that the Ninth Circuit and state trial court's orders referenced above were issued for the limited purposes described in those orders. It is therefore unclear how CDCR would "terminate" those orders, which have presumably already been complied with. More importantly, the pending findings and recommendations correctly note that the relief petitioner appears to be seeking in his pending motion for a TRO—more access to his legal materials and typewriter—is not related to the basis of his petition for writ of habeas corpus pending before this court. (Doc. No. 24 at 3); *see also Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint."). In his objections to the pending findings and recommendations, petitioner acknowledges that "[t]he Magistrate [judge] is correct" in stating that the relief he seeks in his motion is not related to the relief he is seeking in his petition pending before this court, but argues that the pending findings and recommendations "ignore this Court's authorized discretion under

---

[1] The court notes that neither the Ninth Circuit's August 4, 2005 order nor the state trial court's May 10, 2013 order reference access to a typewriter.

the All-Writs Act" to provide him the relief that he seeks.  (Doc. No. 26 at 2.)  Petitioner contends that "the All-Writs Act grants [this court] ancillary jurisdiction to issue[] writs 'necessary or appropriate in aid of' [its] jurisdiction" over a case.  (Doc. No. 4 at 2.)  Petitioner argues that "[t]o require the court to deal with delays while [he] must request access to files [and] deal with a non-searchable handwritten reply brief is an inefficient use of scarce judicial resources."  (Doc. No. 26 at 3.)  The court is not persuaded by petitioner's argument.

"While the All Writs Act authorizes employment of extraordinary writs, it confines the authority to the issuance of process 'in aid of' the issuing court's jurisdiction."  *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999).  Neither in his motion for a TRO nor in his objections to the pending findings and recommendations does petitioner argue that he is unable to litigate his petition for writ of habeas corpus pending before this court or is otherwise deprived of access to the court without the requested order.  Should that become the case, petitioner may seek relief at that time based upon an appropriate finding.  Accordingly, the court finds that petitioner's objections do not meaningfully dispute the magistrate judge's finding and recommendation that his motion for a TRO should be denied.

For the reason set forth above,

1. The February 27, 2020 findings and recommendations are adopted in full;
2. Petitioner's motion for a temporary restraining order (Doc. No. 4) is denied;
3. Respondent's motion to dismiss (Doc. No. 20) is denied; and
4. This matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  **May 31, 2020**

UNITED STATES DISTRICT JUDGE

4