# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOUIS ARNOLD PHILLIPS,<br><br>Petitioner,<br><br>v.<br><br>RAYTHEL FISHER,<br><br>Respondent. | Case No. 1:19-cv-01589-DAD-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTION TO RENEW REQUEST FOR ORDER TO POSSESS BOXES OF CASE FILES<br><br>(ECF No. 42) |

## I.

## BACKGROUND

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

After being convicted by a jury in state court of first-degree murder with a special circumstance finding, Petitioner was sentenced to death in 1980 and then again in 1991 after a penalty phase retrial. See Phillips v. Ornoski, 673 F.3d 1168, 1177 (9th Cir. 2012), as amended on denial of reh'g and reh'g en banc (May 25, 2012). In 1992, Petitioner filed a federal habeas petition in federal district court ("the earlier habeas petition") challenging the guilt phase of his trial in state court. Id. In 2004, the district court denied the earlier habeas petition on the merits. Id. at 1178.

On August 4, 2005, while Petitioner's appeal of the district court's denial of the earlier habeas petition was pending before the Ninth Circuit, that court issued an order requiring the

1    Warden of San Quentin State Prison to provide petitioner "with adequate workspace so that he

2    may have access to the contents of the boxes and may perform any and all functions required of

3    him" to be able to "comp[ile] a complete set of [case] materials" and to thereafter make copies of

4    the set, one of which copies was to be sent to petitioner's then-advisory counsel. Order, Phillips

5    v. Ornoski, 673 F.3d 1168 (9th Cir. 2012) (No. 04-99005), ECF No. 56. In 2012, the Ninth

6    Circuit reversed the district court's denial of petitioner's earlier habeas petition and remanded the

7    matter to the district court "with instructions to grant the writ as to the jury's special

8    circumstance finding, and, accordingly, Phillips's death sentence." Phillips, 673 F.3d at 1171.

9         On May 10, 2013, while Petitioner's retrial on the special circumstance was pending in

10   the state trial court, that court issued a transportation order directing the "Director of Madera

11   County Department of Corrections . . . to transport [petitioner] and all his legal and non-legal

12   personal property from San Quentin to Madera County Correctional Facility." (ECF No. 4 at

13   10).[1] That order also required that petitioner "and his property . . . be transported together" and

14   that "all searches of [his] property . . . be conducted in his presence." (Id. at 11.) In November

15   2019, petitioner was retried in the state trial court on the special circumstance and was

16   resentenced to life without the possibility of parole. (ECF No. 20 at 1).

17        On November 7, 2019, Petitioner commenced the instant proceeding by filing a federal

18   habeas petition. (ECF No. 1). That same day, Petitioner filed a motion for a temporary

19   restraining order ("TRO") "to prevent the California Department of Corrections and

20   Rehabilitation (CDCR) from terminating the provisions of previous orders from the Ninth Circuit

21   and the State trial court regarding Phillips' ongoing access to his legal papers and typewriter."

22   (ECF No. 4 at 1).

23        On February 27, 2020, the undersigned issued findings and recommendation to deny

24   Petitioner's motion for a TRO because "[t]he relief that Petitioner seeks is different in kind from

25   that set forth in the operative habeas petition." (ECF No. 24 at 3). On May 31, 2020,[2] the District

26   Judge adopted the findings and recommendation and found that Petitioner also was not entitled

27

28
_____
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] The order was signed on May 31, 2020, but was not docketed until June 1, 2020. (ECF No. 27).

2

1  to relief under the All Writs Act because "[n]either in his motion for a TRO nor in his objections

2  to the pending findings and recommendations does petitioner argue that he is unable to litigate

3  his petition for writ of habeas corpus pending before this court or is otherwise deprived of access

4  to the court without the requested order." (ECF No. 27 at 4). However, the District Judge noted

5  that should Petitioner become unable to litigate his petition or is otherwise deprived of access to

6  the Court without the requested order, "petitioner may seek relief at that time based upon an

7  appropriate finding." (Id.).

8      On December 4, 2020, Petitioner filed the instant motion, requesting an order from the

9  Court directing the CDCR "to allow Phillips to possess in his assigned cell all boxes of case files

10 brought with him from death row, or, alternatively, provide Phillips a work area where Phillips'

11 boxes may be stored and Phillips can have access to them as needed on a daily basis." (ECF No.

12 42 at 1). Respondent filed an opposition. (ECF No. 43).

13                                                    **II.**

14                                            **DISCUSSION**

15     On June 18, 2020, Petitioner was transferred to the Substance Abuse Treatment Facility

16 and State Prison in Corcoran. Petitioner was informed that until such time that he obtained a

17 court order, Petitioner's boxes of case files would be stored in a container at Receiving and

18 Release ("R&R"), which is located approximately one mile from the cell block Petitioner is

19 housed. (ECF No. 42 at 2). Since June 18, 2020, every week Petitioner has submitted a request to

20 access his case files. Petitioner's requests have only been granted on June 24 and October 13,

21 2020. (Id. at 2). On November 22, 2020, Petitioner received Respondent's answer and all ninety-

22 three exhibits, which are in his boxes of case files. Petitioner contends that without these

23 exhibits, he cannot properly prepare his traverse. (ECF No. 44 at 1–2). On November 24, 2020, a

24 memorandum posted on the law library door stated that due to COVID-19 there would no longer

25 be physical access to the law library. (ECF No. 42 at 3).

26     In opposition to the motion, Respondent argues that "the constitutional right to access the

27 courts simply does not require simultaneous access to a large amount of legal material." (ECF

28 No. 43 at 2). Respondent further argues that at this stage of the litigation, where Petitioner is

1    barred from introducing new material, and given that Petitioner has raised his current claims

2    several times to date, Petitioner's claims and their supporting assertions are already known. (ECF

3    No. 43 at 3).

4        The All Writs Act provides that "all courts established by Act of Congress may issue all

5    writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages

6    and principles of law." 28 U.S.C. § 1651. The All Writs Act has served "as a 'legislatively

7    approved source of procedural instruments designed to achieve 'the rational ends of law,'" and

8    extends to habeas corpus proceedings. Harris v. Nelson, 394 U.S. 286, 299, 300 (1969) (quoting

9    Price v. Johnston, 334 U.S. 266, 282 (1948)).

10       In Harris, the Supreme Court held that the district court had authority under the All Writs

11   Act to compel the respondent warden to answer a series of interrogatories in a habeas

12   proceeding. 394 U.S. at 289–90. Harris included sweeping language regarding the authority of a

13   federal habeas court under § 1651.

14       [T]he habeas corpus jurisdiction and the duty to exercise it being present, the
         courts may fashion appropriate modes of procedure, by analogy to existing rules
15       or otherwise in conformity with judicial usage. Where their duties require it, this
         is the inescapable obligation of the courts. Their authority is expressly confirmed
16       in the All Writs Act, 28 U.S.C. § 1651.

17   Harris, 394 U.S. at 299. The Supreme Court has recognized that authority under § 1651 "is not

18   limited to issuing a writ . . . only when it finds that it is 'necessary' in the sense that the court

19   could not otherwise physically discharge its . . . duties," Adams v. United States ex rel. McCann,

20   317 U.S. 269, 273 (1942), and noted that an "attempt to draw a distinction between orders in aid

21   of a court's own duties and jurisdiction and orders designed to better enable a party to effectuate

22   his rights and duties is specious," United States v. N.Y. Tel. Co., 434 U.S. 159, 175 n.23 (1977).

23       Here, Petitioner provides no specific allegations regarding which of the exhibits are

24   necessary to properly prepare his traverse or why Petitioner must have simultaneous access to

25   thirty boxes of legal materials. The Court appreciates that simultaneous access to all of

26   Petitioner's legal materials may be most convenient for Petitioner. However, it is reasonable to

27   assume that certain documents will be more relevant to the preparation of Petitioner's traverse.

28   The documents lodged by Respondent in support of the answer are portions of the state court

4

1  record and documents from Petitioner's prior federal habeas proceedings. It is unclear whether

2  Petitioner already has access to at least some of these records and what legal materials, if any,

3  Petitioner currently has in his cell. Accordingly, the Court finds that Petitioner has not

4  established that he is unable to litigate his petition or is otherwise deprived of access to the Court

5  without the requested expansive order.

6                                              **III.**

7                                            **ORDER**

8          Based on the foregoing, IT IS HEREBY ORDERED that Petitioner's motion to renew

9  request for order to possess boxes of case files (ECF No. 42) is DENIED without prejudice.

10

11  IT IS SO ORDERED.

12  Dated:   **February 10, 2021**

                                    UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28