# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| RICHARD LOUIS ARNOLD PHILLIPS, | Case No. 1:19-cv-01589-DAD-SAB-HC |
|---|---|
| Petitioner, | ORDER DENYING PETITIONER'S SECOND MOTION TO RENEW REQUEST FOR ORDER TO POSSESS BOXES OF CASE FILES |
| v. | |
| RAYTHEL FISHER, | (ECF No. 52) |
| Respondent. | |

**I.**

**BACKGROUND**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

After being convicted by a jury in state court of first-degree murder with a special circumstance finding, Petitioner was sentenced to death in 1980 and then again in 1991 after a penalty phase retrial. See Phillips v. Ornoski, 673 F.3d 1168, 1177 (9th Cir. 2012), as amended on denial of reh'g and reh'g en banc (May 25, 2012). In 1992, Petitioner filed a federal habeas petition in federal district court ("the earlier habeas petition") challenging the guilt phase of his trial in state court. Id. In 2004, the district court denied the earlier habeas petition on the merits. Id. at 1178.

///

1

On August 4, 2005, while Petitioner's appeal of the district court's denial of the earlier habeas petition was pending before the Ninth Circuit, that court issued an order requiring the Warden of San Quentin State Prison to provide petitioner "with adequate workspace so that he may have access to the contents of the boxes and may perform any and all functions required of him" to be able to "comp[ile] a complete set of [case] materials" and to thereafter make copies of the set, one of which copies was to be sent to petitioner's then-advisory counsel. Order, Phillips v. Ornoski, 673 F.3d 1168 (9th Cir. 2012) (No. 04-99005), ECF No. 56. In 2012, the Ninth Circuit reversed the district court's denial of petitioner's earlier habeas petition and remanded the matter to the district court "with instructions to grant the writ as to the jury's special circumstance finding, and, accordingly, Phillips's death sentence." Phillips, 673 F.3d at 1171.

On May 10, 2013, while Petitioner's retrial on the special circumstance was pending in the state trial court, that court issued a transportation order directing the "Director of Madera County Department of Corrections . . . to transport [petitioner] and all his legal and non-legal personal property from San Quentin to Madera County Correctional Facility." (ECF No. 4 at 10).[1] That order also required that petitioner "and his property . . . be transported together" and that "all searches of [his] property . . . be conducted in his presence." (Id. at 11.) In November 2019, Petitioner was retried in the state trial court on the special circumstance and was resentenced to life without the possibility of parole. (ECF No. 20 at 1).

On November 7, 2019, Petitioner commenced the instant proceeding by filing a federal habeas petition. (ECF No. 1). That same day, Petitioner filed a motion for a temporary restraining order ("TRO") "to prevent the California Department of Corrections and Rehabilitation (CDCR) from terminating the provisions of previous orders from the Ninth Circuit and the State trial court regarding Phillips' ongoing access to his legal papers and typewriter." (ECF No. 4 at 1).

On February 27, 2020, the undersigned issued findings and recommendation to deny Petitioner's motion for a TRO because "[t]he relief that Petitioner seeks is different in kind from

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

that set forth in the operative habeas petition." (ECF No. 24 at 3). On May 31, 2020,[2] the District Judge adopted the findings and recommendation and found that Petitioner also was not entitled to relief under the All Writs Act because "[n]either in his motion for a TRO nor in his objections to the pending findings and recommendations does petitioner argue that he is unable to litigate his petition for writ of habeas corpus pending before this court or is otherwise deprived of access to the court without the requested order." (ECF No. 27 at 4). However, the District Judge noted that should Petitioner become unable to litigate his petition or is otherwise deprived of access to the Court without the requested order, "petitioner may seek relief at that time based upon an appropriate finding." (Id.).

On December 4, 2020, Petitioner requested an order from the Court directing the CDCR "to allow Phillips to possess in his assigned cell all boxes of case files brought with him from death row, or, alternatively, provide Phillips a work area where Phillips' boxes may be stored and Phillips can have access to them as needed on a daily basis." (ECF No. 42 at 1). On February 10, 2021, the Court denied Petitioner's request without prejudice because "Petitioner ha[d] not established that he is unable to litigate his petition or is otherwise deprived of access to the Court without the requested expansive order." (ECF No. 48 at 5).

On March 29, 2021, Petitioner "renew[ed] his request for an Order from this Court, directing the California Department of Corrections and Rehabilitation (CDCR) to allow Phillips to possess in his assigned cell all boxes of case files brought with him from death row, or, alternatively, provide Phillips a work area where Phillips' boxes may be stored and Phillips can have access to them as needed on a daily basis[.]" (ECF No. 52 at 1). Alternatively, Petitioner requests appointment of counsel in order to move this case forward. (Id. at 5). On April 8, 2021, Respondent filed an opposition. (ECF No. 53).

///
///
///

---

[2] The order was signed on May 31, 2020, but was not docketed until June 1, 2020. (ECF No. 27).

# II.

# DISCUSSION

## A. Access to Case Files

The All Writs Act provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The All Writs Act has served "as a 'legislatively approved source of procedural instruments designed to achieve 'the rational ends of law,'" and extends to habeas corpus proceedings. Harris v. Nelson, 394 U.S. 286, 299, 300 (1969) (quoting Price v. Johnston, 334 U.S. 266, 282 (1948)).

In Harris, the Supreme Court held that the district court had authority under the All Writs Act to compel the respondent warden to answer a series of interrogatories in a habeas proceeding. 394 U.S. at 289–90. Harris included sweeping language regarding the authority of a federal habeas court under § 1651.

> [T]he habeas corpus jurisdiction and the duty to exercise it being present, the courts may fashion appropriate modes of procedure, by analogy to existing rules or otherwise in conformity with judicial usage. Where their duties require it, this is the inescapable obligation of the courts. Their authority is expressly confirmed in the All Writs Act, 28 U.S.C. § 1651.

Harris, 394 U.S. at 299. The Supreme Court has recognized that authority under § 1651 "is not limited to issuing a writ . . . only when it finds that it is 'necessary' in the sense that the court could not otherwise physically discharge its . . . duties," Adams v. United States ex rel. McCann, 317 U.S. 269, 273 (1942), and noted that an "attempt to draw a distinction between orders in aid of a court's own duties and jurisdiction and orders designed to better enable a party to effectuate his rights and duties is specious," United States v. N.Y. Tel. Co., 434 U.S. 159, 175 n.23 (1977).

Petitioner is allotted one cubic foot of storage in his assigned cell. (ECF No. 52 at 6). Petitioner currently fills his one cubic foot as follows: one ream of paper; a copy of the Local Rules of the United States District Court for the Eastern District of California; copies of Petitioner's petition and brief in support and Respondent's answer; one 1/3 cut folder containing all other filings and orders in this matter; one Oxford Dictionary; one 1/3 cut folder containing three tablets of law library research notes; one 1/3 cut folder containing the index of Petitioner's

boxes; two volumes of a federal habeas treatise and paper supplement; four typewriter ribbons; daisywheels; envelope labels; and various manila and security envelopes. (ECF No. 52 at 2).

Petitioner states that before writing the traverse and responding to Respondent's assertion that "Petitioner failed to prove that the materials, assuming they actually exist, were not received by [defense counsel] Martin," Petitioner must access transcripts of Martin's pretrial discovery hearings located in Box 2; Martin's habeas testimony located in Box 5; briefs filed post-habeas in Boxes 5 and 6; Martin's federal deposition in Box 8; and post-deposition briefing in Boxes 14 and 15. (ECF No. 52 at 3).

The procedure at Petitioner's institution for obtaining different materials from Petitioner's boxes requires a "one-for-one" exchange for a folder approximately the same size. (ECF No. 52 at 6). However, Petitioner does not demonstrate that he is unable to access the pertinent documents in Boxes 2, 5, 6, 8, 14, and 15 by complying with the existing "one-for-one" exchange procedure. Although continued access to the materials currently in Petitioner's cubic foot of storage in addition to the pertinent documents in Boxes 2, 5, 6, 8, 14, and 15 may be desirable, Petitioner has not established that he is unable to litigate his petition or is otherwise deprived of access to the Court under the current "one-for-one" exchange procedure.[3]

**B. Appointment of Counsel**

In the alternative, Petitioner argues that counsel should be appointed in order to move this case forward. (ECF No. 52 at 5). There currently exists no absolute right to appointment of counsel in federal habeas corpus proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light

---

[3] The Court also notes that it appears Petitioner does get limited access to his case files outside of this "one-for-one" exchange procedure. In his most recent motion for extension of time, Petitioner states that he was given ninety minutes of access to six boxes of his case files, (ECF No. 56), which indicates that Petitioner is able to litigate his petition under the institution's existing procedures.

of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Upon review of the petition and Petitioner's various submissions in this matter, the Court finds that Petitioner appears to have a sufficient grasp of his claims and the legal issues involved, he is able to articulate those claims adequately, and he does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time.

## III.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Petitioner's second motion to renew request for order to possess boxes of case files (ECF No. 52) is DENIED.

IT IS SO ORDERED.

Dated: **May 17, 2021**

UNITED STATES MAGISTRATE JUDGE