UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOUIS ARNOLD PHILLIPS, | No. 1:19-cv-01589-KES-SAB (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S REQUEST FOR EVIDENTIARY HEARING, DENYING PETITIONER'S PETITION FOR ORDER DIRECTING FBI TO PRODUCE DOCUMENTS AND TAPES, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |
| v. | |
| RAYTHEL FISHER, | |
| Respondent. | |
| | (Docs. 64, 65, 67) |

Petitioner Richard Louis Arnold Phillips is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 2, 2023, the assigned Magistrate Judge issued findings and recommendation recommending denial of petitioner's petition for writ of habeas corpus, request for an evidentiary hearing, and petition for an order directing the FBI to produce documents and tapes.  Doc. 67. The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within thirty days after service.  *Id.*  Petitioner was granted

1

extensions of time, Docs. 61, 63, 69, and on April 26, 2023, filed timely objections, Doc. 74.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the entire file, including petitioner's objections, the Court holds the findings and recommendations to be supported by the record and proper analysis.

All but one of petitioner's objections were squarely addressed by the findings and recommendations. Petitioner's only unaddressed objection is as follows: Petitioner argues that the findings and recommendations should have employed a de novo standard of review, rather than 28 U.S.C. § 2254(d)'s deferential standard of review, to his *Brady* claim regarding the FBI reports and recordings. *See* Doc. 74 at 9–11. He points out that the state trial court concluded that petitioner "fail[ed] to offer documentary evidence from which one could reasonably conclude that the referenced report and recording exist[]," and denied his claim on that basis. Doc. 38-25 at 5–6. Petitioner points out that he submitted to the state trial court multiple FBI reports which clearly show that the FBI recorded his telephone calls. *See* Doc. 3 ("Excerpts") at 7, 54, 61. Petitioner argues that the state court's ruling "resulted in decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2), and therefore, AEDPA's deferential standard of review should not apply. Doc. 74 at 9–11; *see Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir. 2004) ("[W]here the state courts plainly misapprehend or misstate the record in making their findings, and the misapprehension goes to a material factual issue that is central to petitioner's claim, that misapprehension can fatally undermine the fact-finding process, rendering the resulting factual finding unreasonable. . . .").

Even if this Court were to apply a de novo standard of review to this claim, however, petitioner would not be entitled to habeas relief. As the findings and recommendations noted, petitioner's substantive argument with respect to the FBI recordings is as follows:

> Release of all FBI reports and wiretap tapes would have opened the door to impeaching Colman with her statements made during law enforcement interviews that she did not know Phillips' current location. Defense counsel would also have been alerted that FBI agents not on the prosecution's witness list had participated in the

> investigation of the case. Calling these agents as defense witnesses would have exposed Colman as the source of the information used to obtain a subpoena for the phone records. This would have led to the defense discovering the additional benefits provided Colman in the form of dropping the Heroin sale charge in Fresno County in exchange for the information leading to the phone trace- a benefit never before any jury.

Doc. 67 at 24–25 (quoting Doc. 2 at 29).

      The findings and recommendations pointed out that, in petitioner's appeal of his first federal habeas petition, the Ninth Circuit applied a de novo standard of review and held under *Napue* that "Colman's testimony was not material to the conviction on the first-degree murder count . . . ." *Phillips v. Ornoski*, 673 F.3d 1168, 1192 (9th Cir. 2012). "The test for materiality under *Napue* is distinct from that under *Brady:* a *Napue* violation is material when there is any reasonable likelihood that the false testimony *could* have affected the judgment of the jury; in contrast, a *Brady* violation is material to a jury's verdict when there is a reasonable probability that the result of the proceeding *would* have been different but for the violation." *Id.* (quotations omitted). At issue on petitioner's present argument is "*Brady*'s higher standard of materiality." *Id.* at 1190. Even if the FBI recordings provided additional information that would have assisted petitioner's defense counsel in discrediting Colman, her testimony was not material to the first-degree murder count under the *Napue* standard – and therefore certainly was not material under *Brady*'s higher standard. Accordingly, petitioner's *Brady* claim with respect to the FBI recordings fails.

      Having found that petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. If the Court denies a habeas petition on the merits, the Court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he

must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be denied debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on February 2, 2023, Doc. 67, are adopted in full;
2. The petition for writ of habeas corpus is denied;
3. Petitioner's request for an evidentiary hearing, Doc. 64, is denied;
4. Petitioner's petition for order directing FBI to produce documents and tapes, Doc. 65, is denied;
5. The Clerk of Court is directed to close the case; and
6. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   March 27, 2025

_____
UNITED STATES DISTRICT JUDGE